No. 85

## ROSS v. LEHMAN

Ohio Appeals, 2nd Dist., Montgomery Co.
No. 742. Decided Jan. 12, 1927

982.' QUANTUM MERUIT—Where defendant's answer can be construed as a denial of plaintiff's averment as to amount of compensation for procuring a purchaser for sale of goods; a verdict for a lesser amount than prayed for may be sustained on the theory of quantum meruit.

BY THE COURT.

This action was originally commenced in the Montgomery Common Pleas by Clarence Lehman to recover compensation for services as a broker in making a sale of merchandise stock. Lehman claimed an express contract of 10% of the sale price for procuring a purchaser; and demanded judgment for $300.

The answer admitted that Lehman was employed to secure a purchaser and that compensation was contingent upon success. It was claimed by Ross that the purchase price was $2000 instead of $3000 and it was denied that Lehman directly or indirectly secured the purchaser.

Judgment in the lower court was in favor of Lehman in the sum of $120. Error was prosecuted and the Court of Appeals held:

1. The principal question argued is that the trial court should have granted judgment in favor of Ross notwithstanding the verdict because the verdict of $120 would not respond to any of the issues in the case and cannot be construed as a verdict in favor of Lehman.

2. There is doubt as to whether or not the answer can be construed as an admission of the contract of 10% commission as compensation for making the sale.

3. If the answer can be construed as a denial to the allegations as to the amount of Lehman's compensation, then the issue of quantum meruit would be raised by the answer and the verdict can be sustained on that theory.

4. Even if that theory cannot be adopted, Ross was not prejudiced by the smaller verdict and such verdict cannot be construed into an impossible verdict under the pleadings.

5. The court was justified in refusing to render a judgment in favor of Ross notwithstanding the verdict.

Judgment affirmed.

(Allread, Ferneding & Kunkle, JJ., concur.)

Attorneys—Marshall & Harlan for Ross; D. H. Wysong for Lehman; all of Dayton.